355 So.2d 819 (1978)
Joseph DAMIANO, Trustee, Appellant,
v.
Nathan WEINSTEIN and Stanley Davidson, Appellees.
No. 77-1021.
District Court of Appeal of Florida, Third District.
February 7, 1978.
Rehearing Denied March 22, 1978.
*820 Law Offices of Marvin M. Green and Howard A. Rose, Miami Beach, for appellant.
Russo, Van Doren & Allen, Coral Gables, I.R. Mayers, Miami, for appellees.
Before HAVERFIELD, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Plaintiff appeals a final judgment in this action for breach of a real estate contract.
On June 15, 1974 Joseph Damiano, as seller, and defendant Stanley S. Davidson, as buyer, entered into a contract for the purchase of a certain parcel of realty. Davidson deposited the sum of $5,000 with the broker and Damiano delivered an abstract of title to Davidson's attorney who after a title search notified Damiano's attorney that in 1944 a tax foreclosure proceeding was instituted against Marie Louise Dana, a widow, the sole heir at law of Josephine Power, the fee simple title holder who was allegedly dead at the time. This proceeding resulted in a master's deed to the subject realty being issued to J.M. Goodwin, a predecessor in title to Damiano, plaintiff-seller. Davidson contended that the master's deed was void ab initio for the fee owner, Josephine Power, was not named as a party defendant in the foreclosure action and further there was no certificate of death produced to prove that she was, in fact, dead at the time; there was only the bare allegation to that effect in the foreclosure complaint and, thus, there was a defect in title. Damiano contended that there was no defect; however, he did institute a quiet title suit against Josephine Power, Marie Louise Dana and each of their spouses, devisees, legatees, etc. A guardian ad litem and attorney ad litem was appointed for Dana. This suit resulted in a judgment for Damiano on November 11, 1974. Davidson continued to take the position that the title was not marketable and the quiet title action was defective because no guardian ad litem was appointed for the heirs of Josephine Power in the 1944 foreclosure suit and for Josephine Power in the quiet title suit. Davidson refused to close and Damiano instituted the present action. The cause proceeded to a non-jury trial and the parties stipulated that the issues were whether or not Damiano made tender of good and marketable title and whether the quiet title suit did, in fact, cure any defect in the title within the time limit for sale. Both Damiano and Davidson presented expert testimony supporting their respective positions as to the marketability and insurability of the title. At the conclusion of trial, the judge found that the title still had defects and was not marketable; and entered judgment for Davidson and ordered return of the $5,000. Damiano appeals therefrom.
The issue of the marketability was for the trial judge, as the trier of the facts, to resolve. His determination that the title was not marketable was based upon the expert witness testimony presented on behalf of Davidson. There being competent substantial evidence in support thereof, we will not disturb this determination on appeal. See 2 Fla.Jur. Appeals § 340, et seq. (1963). Additionally, we note that the master's deed appears to be void ab initio in that Josephine Power was not named as a defendant in the tax foreclosure proceeding and, therefore, this defect could not be cured under the Marketable Record Title Act. Section 712, Florida Statutes (1973). See Wernle v. Bellemead Development Corporation, 308 So.2d 97 (Fla. 1975).
Affirmed.